# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

```
                              )
UNITED STATES OF AMERICA      )
                              )
v.                            )      Criminal Case No. 1:05-cr-68
                              )
NICK HALTEH,                  )
                              )
     Petitioner.              )
                              )
```

### Memorandum Opinion

THIS MATTER comes before the Court on Petitioner Nick Halteh's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

Petitioner has filed this petition under 28 U.S.C. § 2255 seeking to challenge his conviction under 18 U.S.C. § 924(c). Petitioner contends that he is entitled to relief on collateral review under Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). Petitioner is seeking to extend Johnson and Welch beyond their Armed Career Criminal Act context to § 924(c)(3)(B) on collateral review. Because his conviction has been final for more than one year, however, Petitioner fails to satisfy 28 U.S.C. § 2255(f)(3), which provides the only available exception to the collateral review statute's one-year statute of limitations. For a defendant to satisfy § 2255(f)(3), the Supreme Court itself must

establish the right that a defendant is asserting, and the Supreme Court has not recognized that § 924(c)(3)(B) is unconstitutionally vague.

Because Petitioner's conviction became final more than a year ago, he fails to satisfy the statute of limitations in 28 U.S.C. § 2255(f)(3). Although defendants seeking to challenge ACCA sentences under Johnson had one year from the date that Johnson was decided to file habeas petitions raising Johnson, that one-year deadline does not govern all possible extensions of Johnson. At present, the Supreme Court has not extended Johnson to invalidate 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague, and the Supreme Court itself must be the judicial body that makes that extension of the substantive right for Petitioner to satisfy § 2255(f)(3).

Under § 2255(f)(3), a one-year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f)(3). Thus, § 2255(f)(3) provides that when the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert *that right* will have one year from [the Supreme Court's] decision within which to file his § 2255 motion." Dodd v. United States, 545 U.S. 353, 358-59 (2005)

(emphasis added). Section 2255(f)(3) requires that the Supreme Court *itself* recognize the specific substantive right at issue. Although the Fourth Circuit has held in line with other circuits "that § 2255(f)(3) does not require that the initial retroactivity question be decided in the affirmative *only* by the Supreme Court," United States v. Thomas, 627 F.3d 534, 536 (4th Cir. 2010), by necessary implication--and as the plain language of § 2255(f)(3) requires--the Supreme Court itself must establish the particular *substantive right* at issue. Because § 2255(f)(3) twice refers to rights that the "Supreme Court" has recognized, the references to the "Supreme Court" in § 2255(f)(3) necessarily must refer to a requirement that the Supreme Court be the court to recognize the particular substantive right being asserted.

Section 2255(f)(3) divides rights finely, requires each to be itself recognized by the Supreme Court, and then requires each to be retroactive. "Section 2255(f)(3) does not authorize [a lower court] to read between the lines of a prior opinion [by the Supreme Court] to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." United States v. Mathur, 685 F.3d 396, 401 (4th Cir. 2012). The standards in § 2255(f)(3) create an orderly, rational process. Courts reopen the statute of limitations for specific rights that the Supreme Court itself

3

has newly recognized and do so for one year, but the Supreme Court must be the one to recognize the specific right at issue.

One central legal concept at the heart of this framework is § 2255(f)(3)'s repeated references to "new" rights in defining when the statute of limitations is reopened and then closed. The concept of a "new" right has been used for years in determining retroactivity, and under that framework extensions of precedent are deemed "new." More precisely, the "new rule" requirement asks whether a later extension of an earlier case was dictated by precedent and was apparent to all reasonable jurists. See, e.g., Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013).

In mounting a Johnson challenge to § 924(c)(3)(B), Petitioner cannot maintain that it is apparent to all reasonable jurists that Johnson invalidates § 924(c)(3)(B), and that such a ruling is retroactive. The only circuit to address whether Johnson invalidates § 924(c)(3)(B) has rejected that argument. United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016). Furthermore, the Fourth Circuit has not treated Johnson as having dictated, to all reasonable jurists, that § 924(c)(3)(B) is unconstitutionally vague. In United States v. Fuertes, the Fourth Circuit declined to decide § 924(c)(3)(B)'s constitutionality and observed that in Johnson "the Supreme Court held unconstitutionally vague the version of the residual clause set forth in 18 U.S.C. § 924(e)(2)(B), but the Court had

4

no occasion to review the version of the residual clause set forth at 18 U.S.C. § 924(c)(3)(B)." 805 F.3d 485, 499 n.5 (4th Cir. 2015). After Fuertes, the Fourth Circuit sitting en banc held by a 12-3 vote that, on direct appeal, a defendant failed to show that it is "plain" that Johnson invalidates § 924(c)(3)(B). United States v. Graham, 824 F.3d 421, 424 n.1 (4th Cir. 2016).

Additionally, the Supreme Court recently discussed § 16 without treating half of the statute, § 16(b), as if it were a nullity because it has already been deemed unconstitutionally vague. Torres v. Lynch, 136 S. Ct. 1619, 1629-30 (2016). The dissent in Torres likewise did not raise any questions about § 16(b)'s validity. Id. at 1637 & n.1. The above authority shows that challenges to § 924(c) convictions under Johnson are premature.

Thus, Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence is DENIED. An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 24, 2017