IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:05-cr-68-1 (RDA) |
| | ) | |
| NICK HALTEH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Nick Halteh's Motion to Vacate pursuant to 28 U.S.C. § 2255. Dkt. 228. Considering the Motion (Dkt. 228), the Government's Response, (Dkt. 241), Defendant's Reply (Dkt. 244), as well as the parties' Notices of Supplemental Authority and corresponding responses, Dkt. Nos. 245-47; 269; 271-74, as well as the other relevant filings, the Court GRANTS the Motion in part for the reasons that follow.

I. BACKGROUND

On February 16, 2005, Halteh's co-defendant Pierre Alexander Alvarez was indicted, and an arrest warrant was issued for Alvarez. Dkt. Nos. 1-2. On April 7, 2005, a superseding indictment was filed as to Halteh and co-Defendants Alvarez, Milton P. Jurardo, and Joshua W. Fritter. Dkt. 8. Halteh was charged with two separate counts alleging: 1) conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); and 2) using, carrying, brandishing, and discharging a firearm, and aiding and abetting the same, during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2. Dkt. Nos. 8; 179-1. Halteh and co-Defendants Jurardo and Fritter were arraigned on April 25, 2005. Co-Defendant Alvarez was arraigned on May 10, 2005. Co-Defendant Jurardo entered into a plea agreement and pleaded guilty to Counts 1 and 2 of the superseding indictment, which the Court accepted. He was sentenced on May 27,

2005, to 240 months of imprisonment on Count 1 and life imprisonment on Count 2.  Thereafter, a second superseding indictment was issued as to Halteh and co-defendants Fritter and Alvarez on July 28, 2005.  Dkt. 76.

On August 3, 2005, co-Defendant Alvarez entered into a plea agreement and pleaded guilty to Count 1 of the second superseding indictment.  The Court accepted the plea of guilty and Alvarez was sentenced to 70 months of imprisonment with three years of supervised release.  Dkt. 110.

The jury trial commenced before Judge Lee as to Halteh and co-Defendant Fritter on August 15, 2005.  The jury returned its verdict on August 25, 2005, finding Halteh guilty of Counts 1 and 2 for conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and possessing a firearm in furtherance of a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A), while finding co-Defendant Fritter not guilty.  On December 9, 2005, Halteh was sentenced to 240 months of imprisonment on Count 1 and 300 months of imprisonment on Count 2, to be served consecutively.  Dkt. 115.  The Court then imposed three years of supervised release on Count 1 and five years of supervised release on Count 2.  *Id.*  Halteh appealed.  Dkt. 117.  The Fourth Circuit affirmed the judgement on April 9, 2007.

Halteh filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 on May 27, 2008.  Dkt. 139.  That Motion was denied on June 30, 2008.  Dkt. 140.  Halteh appealed and moved for a Certificate of Appealability.  On January 20, 2009, the Fourth Circuit dismissed the appeal and subsequently declined to issue a certificate of appealability on March 16, 2009.  Dkt. 144.

On June 26, 2014, Halteh filed another motion for a certificate of appealability.  Dkt. 151. He then filed a Motion to Amend Sentence on July 18, 2014.  Dkt. 152.  He also filed a flurry of motions after that: a Notice to Move the Court to Grant Relief, a Motion to Demonstrate Cause for

2

Equitable Tolling, and a Motion pursuant to Federal Rule of Civil Procedure 58(d).  Dkt. Nos. 154-55; 158.  The Fourth Circuit eventually permitted Halteh to file a second or successive § 2255 motion.  Dkt. 159.  He filed that motion, *pro se*, pursuant to 28 U.S.C. § 2255 on May 10, 2016.  Dkt. 160.  This Court denied Halteh's Motion for Certificate of Appealability as well as the Motion to Demonstrate Cause for Equitable Tolling and the Motion pursuant to Federal Rule of Civil Procedure 58(d).  Dkt. 163.  The Court then ordered the Government to respond to Halteh's Motion to Amend/Correct, Dkt. 152, and his Second Motion to Vacate pursuant to 28 U.S.C. § 2255, Dkt. Nos. 160; 165.  Halteh's Second Motion to Vacate was then denied on August 24, 2017, and the Court again declined to issue a certificate of appealability.  Dkt. Nos. 172-73 (finding that the motion was premature as *Johnson v. United States*, 135 S. Ct. 2551 (2015) had yet to be deemed retroactive).

On July 3, 2019, the Office of the Federal Public Defender filed a letter motion with the Court suggesting that appointing counsel would be in the interest of justice in determining whether Halteh was eligible for relief pursuant to the *Johnson* and *Davis* line of cases.  Dkt. 211.  The Court then appointed the Office of the Federal Public Defender to represent Halteh.  Dkt. 212.  A Motion to Substitute Counsel was filed by the Office of the Federal Public Defender.  Dkt. 220.  The case was then reassigned to the undersigned on August 29, 2019.  Dkt. 221.  Eventually, the Court removed the Office of the Federal Public Defender as counsel of record and appointed Halteh an attorney from the CJA panel.  Dkt. 222.

Halteh, through counsel, filed a Third Motion to Vacate Under 28 U.S.C. § 2255 on September 20, 2019.  Dkt. 228.  On February 5, 2020, the Court ordered the Government to respond.  Dkt. 239.  A response was filed on March 6, 2020.  Dkt. 241.  On March 13, 2020, the parties then filed a Consent Motion to extend the time by which Halteh was to file his Reply.  Dkt.

242. That Consent Motion was granted the same day. Dkt. 243. Halteh's Reply was filed on March 27, 2020. Dkt. 244. A Notice of Supplemental Authority was filed by the Government on March 27, 2020. Dkt. 245 (citing *United States v. Rumley*,__ F.3d __, No. 19-4412, 2020 WL 1222681 (4th Cir. Mar. 13, 2020)). Halteh responded that the authority cited was narrower than argued. Dkt. 246. Defendant later filed a Notice of Supplemental Authority on June 29, 2020, citing this Court's order in *Acker v. United States*, Crim. No. 1:12-cr-291, Civil No. 1:16-cv-521. Dkt. 247.

The Court held a hearing on Halteh's Third Motion to Vacate on August 5, 2020. Dkt. 249. After that, on August 21, 2020, this Court dismissed Halteh's third § 2255 petition without prejudice and directed the Petitioner to request authorization from the Fourth Circuit to file a successive § 2255 petition. Dkt. 250. The Government did not oppose authorization, and the Fourth Circuit granted authorization. Dkt. 258. The Court then adopted the parties' prior briefing on Halteh's § 2255 petition. Dkt. 262. Since then, the parties have filed various notices of supplemental authority, and both parties have also responded to the opposing party's notices. Dkt. Nos. 269; 271-74. Finally, the Court appointed Halteh a new attorney on October 20, 2022, after his prior attorney had moved to withdraw. Dkt. 284.

## II. STANDARD OF REVIEW

"Section 2255 allows a federal prisoner 'claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence.'" *Mosley v. United States*, No. 2:11-cr-58, 2020 WL 2129327, at *1 (E.D. Va. May 1, 2020) (quoting 28 U.S.C. § 2255)). "A petitioner is entitled to relief under 28 U.S.C. § 2255 only in the extraordinary event that he demonstrate: (1) a lack of jurisdiction by the convicting court; (2) constitutional error;

4

or (3) legal error so grave as to be 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Bernardez v. United States*, Criminal No. 1:09-cr-216, Civil No. 1:12-cv-1144, 2017 WL 3599641, at *1 (E.D. Va. Aug. 18, 2017). "The petitioner bears the burden of proving his grounds of relief by a preponderance of the evidence." *Id*. (citing *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965)).

Relevant to assessing Defendant's Third Motion to Vacate, 18 U.S.C. § 924(c) provides:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). Moreover:

A "crime of violence" is defined as:

an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts generally refer to subsection (A) as the "force" or "elements" clause and subsection (B) as the "residual clause." *E.g.*, *United States v. Taylor*, 142 S. Ct. 2015, 2019

5

(2022). In *United States v. Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [('ACCA')] violates the Constitution's guarantee of due process," because the residual clause defined "violent felony" in an unconstitutionally vague manner. 576 U.S. 591, 606 (2015). The Supreme Court held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges," and that increasing "a defendant's sentence under the clause denies due process of law." *Id.* at 597. The Supreme Court later found that this constituted "a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 578 U.S. 120, 127 (2016).

Finally, and most pertinent to Defendant's case, the Supreme Court recently extended the logic from *Johnson* to substantive offenses prosecuted under 18 U.S.C. § 924(c). In *United States v. Davis*, the Supreme Court held that § 924(c)'s "residual clause" (18 U.S.C. § 924(c)(3)(B)) was unconstitutionally vague. 129 S. Ct. 2319, 2336 (2019). Accordingly, "any offenses defined as 'crimes of violence' under [924(c)(3)(b)], such as Hobbs Act conspiracy, can no longer sustain a 924(c) conviction." *United States v. Reed*, Crim. No. 1:13-cr-4-AJT, Civil No. 1:16-cv-657-AJT, 2020 WL 972897, at *2 (E.D. Va. Feb. 28, 2020). And, as the Fourth Circuit has recently held, the holding from *Davis* is retroactive, meaning that defendants such as Halteh can obtain relief due to its holding. *In re Thomas*, 988 F.3d 783, 788-90 (4th Cir. 2021).

### III. ANALYSIS

First, the parties agree that Defendant's habeas petition should be granted.

Defendant requests that the Court set aside the judgment in this case as to Count 2. Dkt. 228. The indictment alleged that the relevant underlying "crime of violence" for his § 924(c) conviction was the Hobbs Act conspiracy charged in Count 1. But the parties agree that pursuant

to *United States v. Davis*, 139 S. Ct. 2319 (2019), such a conviction cannot qualify as a "crime of violence" under the residual clause that the Supreme Court has deemed unconstitutionally vague. Dkt. 228. And, pursuant to *In re Thomas*, *Davis* is retroactive. Moreover, Defendant's Hobbs Act conspiracy conviction cannot qualify as a "crime of violence" pursuant to the force clause. *See United States v. Simms*, 914 F.3d 229, 234 (4th Cir. 2019) (en banc) (holding that a Hobbs Act conspiracy conviction cannot, by definition, qualify as a crime of violence). In sum, Defendant contends that because this conviction was "imposed in violation of the Constitution or laws of the United States," he is entitled to relief pursuant to 28 U.S.C. § 2255(a). Dkt. 228 at 4-5 (quoting 28 U.S.C. § 2255(a)).

The Government agrees that the judgement as to Count 2 has become void. It acknowledges that conspiracy to commit Hobbs Act robbery is no longer a valid crime of violence under the force clause. Dkt. 241 at 6 (citing *Simms*, 914 F.3d at 236). Thus, it agrees that the conviction on Count 2 is not grounded on a valid predicate offense. *Id*.

The Court agrees with the parties. The law is clear: conspiracy to commit Hobbs Act robbery cannot serve as a valid predicate offense for a § 924(c) conviction under either the residual clause or the force clause. As a result, Defendant's conviction on Count 2 is void. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

B. Requested Relief

The parties' main dispute is over the relief that Defendant is due. Defendant requests a prompt hearing at which the Court will resentence him on his Hobbs Act conspiracy conviction. Dkt. 228 at 2. On the other hand, the Government requests that the Court enter a "conditional order vacating the conviction on Count 2 unless the [G]overnment retries the defendant on that count and obtains a valid conviction." Dkt. 241 at 8. In the event the Court does so, the

Government would then seek to obtain a second superseding indictment changing the predicate offense supporting Count 2 from the invalid conspiracy to commit Hobbs Act robbery to the valid substantive Hobbs Act robbery and proceed to trial. *Id.* at 9. The Government quotes 28 U.S.C. § 2255 and cites *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) in support. *Id.*

        1. Re-Indictment and Re-Prosecution Does Not Violate the Double Jeopardy Clause

The Government suggests that resentencing, although typically "the most 'appropriate' remedy," is not possible in this case. *Id.* at 9-10 (quoting *United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997)). Defendant was sentenced for 240 months on Count 1, the Hobbs Act conspiracy count, the maximum sentence permitted. *Id.* at 8. If the Court vacated the Count 2 conviction, Defendant would be in "a better position than if the *Davis* error had never occurred," which runs afoul of the goal of § 2255 review. *Id.* at 9-10 (citing *Hadden*, 475 F.3d at 665 and *Lewis v. Peterson*, 329 F.3d 934, 936 (7th Cir. 2003)). From the Government's perspective, a conditional vacatur on Count 2 pending a new trial is the most appropriate relief, because granting habeas relief is not equivalent to an acquittal and a change in the law does not "create a double-jeopardy bar to retrial." *Id.* at 10-11 (citing *United States v. Ford*, 703 F.3d 708 (4th Cir. 2013) and *United States v. Green*, 139 F.3d 1002 (4th Cir. 1998)). The Government also contends that, from a factual standpoint, more than a 240 months' sentence is warranted considering that the Sentencing Guidelines Range was life imprisonment. The Government points to the fact that the conspiracy resulted in both an actual and an attempted murder. *Id.* at 11.

Defendant replies that he is "actually innocent" of Count 2. Dkt. 244 at 1. Defendant asserts that the "actual innocence" analysis is confined to the indictment and argues that the Government is not permitted to broaden or alter the indictment. *Id.* at 2 (citing *Bousley v. United States*, 523 U.S. 614 (1998) and *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999)).

Evaluating the indictment, because the Government charged Defendant with a § 924(c) violation predicated on conspiracy to commit Hobbs Act robbery, Defendant contends that it is "impossible for the [G]overnment to prove one of the required elements" of his § 924(c) conviction. *Id.* at 3 (citing *United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016) and *Royer v. United States*, 324 F. Supp. 3d 719, 733 (E.D. Va. 2018)). Consequently, Defendant maintains that regardless of whether the Government had a factual basis to indict Defendant for a substantive Hobbs Act robbery, the Government did not do so. *Id.* at 7. Accordingly, Defendant posits that the Government's proposed reindictment and retrial of Defendant on Count 2 under a substitute predicate is barred by the Double Jeopardy Clause. *Id.* at 7-8.

The Fourth Circuit was recently confronted with this exact scenario. In *United States v. Johnson*, the defendant—like Mr. Halteh—was convicted under 18 U.S.C. § 924(c), and the predicate "crime of violence" was conspiracy to commit Hobbs Act robbery. 13 F.4th 348, 350 (4th Cir. 2021). When the Supreme Court decided *Davis,* the defendant in *Johnson* sought habeas relief, just like Mr. Halteh. 13 F.4th at 351-52. And, after the *Johnson* district court granted that relief pursuant to *Davis* and *Simms*, the Government sought to re-prosecute the defendant. *Id.* at 352. Following the same reasoning it does here, the Government issued an arrest warrant on the theory that it could again charge the defendant under § 924(c), substituting actual Hobbs Act robbery as the predicate crime of violence. *Id.* In response, Johnson argued that the Government's attempts to retry him violated the Double Jeopardy Clause—just as Halteh argues here. *Id.* at 352-53.

The Fourth Circuit affirmed the district court's decision that re-indictment and re-prosecution in such a situation does not violate the Double Jeopardy Clause. In doing so, it rejected Johnson's argument that vacatur pursuant to *Davis* was due to his "factual innocence"; rather, it

9

was "premised on the change of law wrought by" *Simms* and *Davis*. *Id.* at 356. That "post-trial change in law was analogous to one for procedural error and therefore did not bar retrial." *Id.* (quoting *United States v. Ford*, 703 F.3d 708, 710 (4th Cir. 2013)) (cleaned up).

*Johnson* thus forecloses Defendant's Double-Jeopardy argument. Defendant's conviction on Count 2 was not vacated because of his "factual innocence[,]" but was a result of the "change of law" stemming from *Simms* and *Davis*. *Id.* at 356. As a result, under binding Fourth Circuit authority, re-indictment and re-prosecution does not violate the Double Jeopardy Clause. *Id.*[1] The Court will grant the Government's request to enter conditional *vacatur* of Count 2 pending a new trial.

2. The Government Has 180 Days to Commence Trial Under the Speedy Trial Act

The Government requests that the Court allot it six months to determine whether retrial is possible given that the trial in this case occurred in 2005 and involved testimony elicited from over 25 witnesses. *Id.* at 14. In the Government's view, this request is consistent with 18 U.S.C. § 3288. *Id.* And anticipating that Defendant may pursue a speedy trial defense in response to the six-month delay, the Government cites to 18 U.S.C. § 3161(e), arguing that the fact that almost 15 years have lapsed since the initial trial justifies the delay. *Id.* at 15. The Government maintains that this delay will not prejudice Defendant as his anticipated release date is April 29, 2051. *Id.* Due to the fact that Defendant served time on state charges, Defendant did not begin serving his federal sentence until 2010, and even if the Count 2 conviction were vacated, Defendant is not eligible for release until 2029. *Id.*

---

[1] Defendant's citation to *United States v. Reed*, Crim No. 13-cr-4, Civ. No. 16-cv-657, 2020 WL 972897 (E.D. Va. Feb. 28, 2020) is irrelevant to this inquiry. *Reed* dealt with a situation where the Government attempted to rely on the original indictment (which was similarly impacted by *Davis* and *Simms*) to sustain a § 924(c) claim. *Id.* at *3. That is not what the Government seeks here: instead, it seeks to obtain a superseding indictment.

10

Because the Court conditionally vacates Count 2 and the Government has an opportunity to file a superseding indictment, Defendant has certain rights of his own, in particular, a right to a speedy trial. Defendant has succeeded on his § 2255 petition, which is a "collateral attack" on his conviction on Count 2. *United States v. Braddy*, No. 4:7-cr-48, 2012 WL 12973673, at *1 (E.D. Va. Aug. 8, 2012); *see United States v. Adams*, 22 F. App'x 98, 101 (4th Cir. 2001) (describing a § 2255 petition as a "collateral attack" by a defendant in custody); 28 U.S.C. § 2255(b) (stating that a court should vacate a conviction if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or *otherwise* open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment *vulnerable to* collateral attack). Because Defendant has pursued a successful collateral attack, 18 U.S.C. § 3161(e) applies. That provision reads:

> If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical.

So, the general 70-day time limit applies in this case unless "unavailability of witnesses or other factors resulting from passage of time make trial within seventy days impractical." *Id.*

It is clear here that the passage of time makes trial within seventy days impractical. The original jury trial, which occurred over 18 years ago, included "over 25 witnesses" who need to be located and contacted. Dkt. 241. It is certainly impractical to muster that amount of witnesses from that long ago within 70 days. *See United States v. Ginyard*, 572 F. Supp. 2d 30, 33-34 (D.D.C. 2008) (holding that 180-day extension was appropriate because original trial occurred four years earlier and involved seventeen witnesses); *see also United States v. Soto*, No. 14-20014-12-KHV, ECF No. 845 (D. Kan. 2019) (extending speedy trial deadline to 180 days in part because

11

of the "unavailability of witnesses [and] the pause in the prosecution of defendant for more than three years"). The original trial was also tried by different lawyers and before a different judge, which indicates it would be extremely difficult to commence trial within seventy days. *See United States v. Barnwell*, 617 F. Supp. 2d 538, 554 (E.D. Mich. 2008) (transfer to new judge and "reassignment of the case to a new [prosecutor]" constituted "other factors" that rendered 70-day limit impractical). Accordingly, considering the circumstances of this case, in particular that the original trial was over eighteen years ago, that the Government needs to undertake substantial additional investigation to locate witnesses and gather evidence, and that counsel in this case is different from the original counsel, the Court finds that, pursuant to 18 U.S.C. § 3161(e), it is appropriate to extend the period for retrial to 180 days from the date of this Memorandum Opinion and Order. *See United States v. Aboh*, 145 F.3d 1326 (Table), 1998 WL 16612 at *1-2 (4th Cir. Apr. 22, 1998) (affirming district court's 180-day extension under 18 U.S.C. § 3161(e) due to, *inter alia*, the complexities of the case and the fact that the Government needed "additional time to locate its nine witnesses").

### 3. Any Issues Regarding the Statute of Limitations are Unripe

Anticipating that Defendant will argue that the Government is time-barred from obtaining a second superseding indictment with a revised predicate offense supporting Count 2, the Government asserts that its approach is permissible pursuant to the relation-back doctrine. *Id.* at 11-12 (citing *United States v. Brown*, 580 F. Supp. 2d 518, 520 (W.D. Va. 2008), *aff'd on other grounds*, 438 F. App'x 203 (4th Cir. 2011)). The Government asserts that substituting robbery for conspiracy to commit Hobbs Act robbery as the predicate offense is "minor enough" to comply with the relation-back doctrine. *Id.* at 12. In the 2005 indictment, the Government alleged that Defendant and his co-conspirators used firearms during a substantive robbery under the "Overt

Acts" section of Count 1.  *Id.*  Recognizing that these allegations appear under Count 1 and not Count 2, the Government contends that not permitting this relief would result in an "impermissible windfall that courts avoid on collateral review." *Id.*

Both parties agree that a five-year statute of limitations applies here, as it generally applies to all federal offenses.  Dkt. Nos. 241 at 11; 244 at 8-9; *see* 18 U.S. Code § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.").  The Government suggests limiting a traditional application of the statute of limitations, arguing that the relation-back doctrine will save its superseding indictment.  Dkt. 241 at 11-12.  Defendant disagrees, claiming that the relation-back doctrine does not apply here.  Dkt. 244 at 8-9.

The relation-back doctrine governs a court's evaluation of the timeliness of superseding indictments.  So long as it does not "not broaden or substantially amend the original indictment," a superseding indictment "relates back to the filing of the original indictment, even if the superseding indictment is filed outside of the statute of limitations period." *United States v. Brown*, 580 F. Supp. 2d 518, 520 (W.D. Va. 2008).  And in making that determination, "courts consider whether the new charges allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence." *United States v. Ojedokun*, 16 F.4th 1091, 1109 (4th Cir. 2021) (cleaned up).  The "touchstone of the analysis," which is conducted via a "comparison of an original and superseding indictment[,]" is "whether the original indictment fairly alerted the defendant to the subsequent charges against him." *Id.* at 1109-10 (cleaned up).

13

Given the particulars of the relation-back doctrine, any issues regarding the statute of limitations are unripe. The Government has not yet obtained a superseding indictment, meaning that it is impossible to evaluate the factors that the Fourth Circuit laid out in *Ojedokun*. Nor is it possible to "compar[e]" the "original" indictment against the "superseding indictment" to determine whether the "former failed to supply the defendant notice of the substance of the charges set forth in the latter." *Id.* at 1110. There are no pending charges against Defendant for him to challenge—and there may never be. Accordingly, arguments about whether the statute of limitations precludes the Government from re-charging him are directed towards an unripe issue. *See United States v. Simmons*, 604 F. App'x 280 (Mem) (4th Cir. May 22, 2015) ("A claim is unripe 'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Scoggins v. Lee's Crossing Homeowner's Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013))). Defendant is not precluded from raising a statute of limitations defense if a superseding indictment is filed against him.

## IV. CONCLUSION

For the reasons set forth above, it is ORDERED that Defendant's Motion to Vacate (Dkt. 228) is GRANTED-IN-PART; and it is

FURTHER ORDERED that Defendant's conviction on Count 2 is CONDITIONALLY VACATED, pending a new trial; and it is

FURTHER ORDERED that, pursuant to 18 U.S.C. § 3161(e), and for the reasons set forth above, the Government shall have 180 days from the date of this Memorandum Opinion and Order to commence trial; and it is

FURTHER ORDERED that the parties shall appear for a status conference before the undersigned on August 30, 2023.

The Clerk is directed to reopen Criminal Action No. 1:5-cr-68 and to forward copies of this Memorandum Opinion and Order to the United States Attorney for the Eastern District of Virginia.

It is SO ORDERED.

Alexandria, Virginia
July 28, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge

15